UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FREDERICK STAMPONE,

        Petitioner,

v.

MICHELLE LAJOYE-YOUNG et al.,

        Respondents.
_____/

Case No. 1:22-cv-328

Honorable Paul L. Maloney

## OPINION

Petitioner Frederick Stampone is a state pretrial detainee. Petitioner reports that he is awaiting trial on criminal charges in Kent County Circuit Court case number 20-06877-FC. He is detained in the Kent County Jail in Grand Rapids, Michigan. Petitioner has been so detained since August of 2020. Petitioner claims that his continued detention violates his right to a speedy trial under the federal constitution and the state constitution, statutes, and rules. Petitioner has filed a habeas corpus petition under 28 U.S.C. § 2241. He asks the Court to order his release and the dismissal of all charges against him. (ECF No. 1, PageID.8.)

Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

**I.    Factual allegations**

Petitioner is charged with kidnapping, in violation of Mich. Comp. Laws § 750.349. *See* https://www.accesskent.com/CourtNameSearch/ (Search Petitioner's name and "Year of Birth" 1953, select Case Number 20-06877-FC, last visited May 11, 2022). Petitioner's claim that he has been detained since August of 2020 is borne out by Kent County Circuit Court records as well as the records of the Kent County Jail.

Petitioner challenged the delay in bringing his case to trial by way of a complaint for habeas corpus filed in the Michigan Court of Appeals on May 12, 2021, roughly nine months after he was first detained. *See Stampone v. Kent Circuit Judge*, No. 357137 (Mich. Ct. App.), docket available at https://www.courts.michigan.gov/c/courts/coa/case/357137 (last visited May 11, 2022). The court of appeals denied relief by order entered July 14, 2021. Petitioner then sought leave to appeal to the Michigan Supreme Court. *Id*. That court denied leave by order entered March 8, 2022. *Stampone v. Kent Circuit Judge*, 970 N.W.2d 341 (Mich. 2022).

During the pendency of Petitioner's original state habeas action and appeal, he filed a motion in the trial court asking the court to dismiss the charges for denial of speedy trial rights.

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

*See* https://www.accesskent.com/CourtNameSearch/ (Search Petitioner's name and "Year of Birth" 1953, select Case Number 20-06877-FC, last visited May 11, 2022). By order entered November 12, 2021, the trial court denied the motion. A jury trial scheduled for December 13, 2021, was adjourned because Petitioner's habeas petition appeal to the Michigan Supreme Court was pending. The trial was rescheduled to May 16, 2022. The trial court conducted a final pretrial conference on May 4, 2022, and it appears the trial will proceed as scheduled.

**II.     Speedy trial violation remedies under § 2241**

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C.

3

§ 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention specifically mention that he is being denied the right to a speedy trial.

Not every speedy trial claim, however, is properly raised by way of a pretrial habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial and if he had already exhausted his state court remedies, this Court could entertain the petition.[2] Here, though, Petitioner is not seeking that relief. Instead, he is asking the Court to order his release and the dismissal of all charges. That relief is "not attainable by way of

---

[2] Yet, if Petitioner had exhausted his speedy trial claims, and if he were seeking only an order compelling a prompt trial, the Court would be hard-pressed to afford Petitioner any relief that would be more meaningful than the trial presently scheduled for May 16, 2022.

4

pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000)

### III. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied because it is premature. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed as premature. Therefore, a certificate of appealability will be denied. Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a

constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice for lack of exhaustion and denying a certificate of appealability.

Dated:   May 17, 2022                                   /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge